UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY J. MEYER,

    Plaintiff,

v.                                                                Case No. 18-10058

TIMOTHY E. BAXTER &                           HON. AVERN COHN
ASSOCIATES, P.C.,

    Defendant.
_____/

## MEMORANDUM AND ORDER
## FINDING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE (Doc. 11) MOOT
## AND
## DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 4)[1]

I.

This is a case under the Fair Debt Collection Practices Act (FDCPA) and its Michigan counterpart. Plaintiff Rodney J. Meyer is suing defendant Timothy E. Baxter & Associates, P.C.[2] alleging that defendant's efforts to collect on a debt violated state and federal law.

Before the Court is defendant's motion to dismiss on the grounds of improper service and lack of standing. Also before the Court is plaintiff's motion for alternative service, and for leave to extend the time for service. Because service will be deemed

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Timothy E. Baxter & Associates, P.C. (Baxter & Associates) is a law firm. It is being represented by Timothy E. Baxter (Baxter), presumably the principal of the law firm. Baxter's representation of Baxter & Associates could become problematic. See Michigan Rules of Professional Conduct, Rule: 3.7 Lawyer as Witness.

effectuated, plaintiff's motion MOOT and defendant's motion is DENIED.

II.

Due to the technical nature of the issues, a detailed background recitation is necessary.

On January 5, 2018, plaintiff filed the complaint. (Doc. 1). On January 8, 2018, a summons was issued for defendant. On February 13, 2018, the summons was returned as executed based on personal service. The proof of service form listed the correct address for defendant but had the defendant's name crossed as to who accepted service. (Doc. 3). According to defendant, the summons and complaint was handed to Tracey Klein at defendant's office who did not have the authority to accept service for defendant.

On February 21, 2018, defendant filed a motion to dismiss. Defendant argues that the complaint should be dismissed because (1) service was improper, (2) plaintiff lacks standing because he filed the complaint before his bankruptcy case was closed, and (3) the complaint violates the local rules as to type size.[3] (Doc. 4).

Meanwhile, after receiving defendant's motion to dismiss, counsel for plaintiff mailed a copy of the summons and complaint via certified mail to Baxter & Associates and to Baxter at the same address. The certificate of service cards were signed by a Paula Sattler on February 26 (Baxter & Associates) and February 27 (Baxter) and returned. See Doc. 6, Exhibit 3.

On March 7, 2018, plaintiff filed a response to defendant's motion. (Doc. 6).

---

[3]The complaint does appear to be in less than 10-1/2 characters per inch (non-proportional) or 14 point (proportional). See E.D. Mich. LR 5.1(a)(3).

Plaintiff first says that defendant did not seek concurrence before filing the motion to dismiss as required by the local rules. See E.D. Mich. LR 7.1(a). Plaintiff further says that if concurrence was sought, plaintiff would have voluntarily dismissed the case without prejudice and re-filed a complaint in the proper type size and attempted service again. Plaintiff also says that when the summons and complaint were delivered at defendant's office address, Klein accepted the documents-after being told what they were-and never said she could not accept service but rather said the documents would be given to "the legal department." Plaintiff also says that it will attempt service again and that defendant's standing argument lacks merit.

On March 9, 2018, plaintiff filed a First Amended Complaint (Doc. 7) which complies with the Court's type size requirements.

On March 13, 2018, plaintiff's counsel filed a certificate of service (Doc. 8), stating that the First Amended Complaint was served via certified mail on both Baxter & Associates and Baxter.

On March 21, 2018, defendant filed a reply. (Doc. 10). Defendant says that "plaintiff would not have concurred" in defendant's motion because plaintiff's counsel never before offered to dismiss the case and the fact that plaintiff has responded to defendants standing argument shows plaintiff would not dismiss the case. Defendant also says that because the complaint was "flagrantly filed" in violation of the type size requirements, it is "the epitome of hypocrisy for plaintiff to complain that defendant did not comply" with the local rules on seeking concurrence.[4]

---

[4]Given the nature of defendant's papers, both parties are reminded of the Court's civility principles. See http://www.mied.uscourts.gov/PDFFIles/08-AO-009.pdf.

On March 26, 2018, plaintiff filed a Motion to Extend Time and Allow for Service By Alternate Means (Doc. 11). Plaintiff sets forth in detail the attempts at service on defendant and asks for an order that service be made via Federal Express and posting at defendant's address.

On April 9, 2018, defendant filed a response to plaintiff's motion. (Doc.12). Defendant says that plaintiff's motion amounts to a concession that service was improper, that service should not be cured because plaintiff has "sat on his rights" and failed to follow the applicable service rules.

III. Discussion

A. Service

Michigan law allows service on a corporation "by serving a summons and a copy of the complaint on an officer or the resident agent personally or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail." Vasher v. Kabacinski, 2007 WL 295006, *2 (E.D. Mich. 2007).

Here, as detailed in plaintiff's motion for alternate service, plaintiff has attempted service several times. Plaintiff also details, supported by the affidavit of a process server, that Baxter, presumably the "director, trustee or person in charge of the office" has evaded service multiple times at the law firm address and his home address. There can also be no doubt that Baxter & Associates and Baxter are aware of the lawsuit and plaintiff's several attempts at service.

Federal Rule of Civil Procedure 12(b)(5) enables a defendant to file a motion to dismiss for a plaintiff's failure to effect service of process. The dismissal motion can

4

also be regarded as a motion to quash service. Rule 4 outlines the manner of service required. Fed. R. Civ. P. 4. "Where service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case." Young's Trading Co. v. Fancy Imp., Inc., 222 F.R.D. 341, 342–43 (W.D. Tenn. 2004), citing Haley v. Simmons, 529 F.2d 78, 79 (8th Cir. 1976). Courts construe provisions of Rule 4 liberally in order to uphold service, requiring only "substantial compliance." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982). In exercising its discretion under Rule 4, a court may consider whether the plaintiff's error resulted from innocent mistake or inexcusable neglect. Gianna Enterprises v. Miss World (Jersey) Ltd., 551 F. Supp. 1348, 1359 (S.D.N.Y.1982).

Here, a dismissal makes no sense in light of plaintiff's good faith effort to effect proper service of process, plaintiff's substantial compliance with the service rules, and defendant's inability to show lack of notice or prejudice other than the inherent prejudice in having to defend this lawsuit. See 5B Fed. Prac. & Proc. Civ. § 1354 (3d ed) (citing cases). See also Warner v. Hamburgh Prod., LLC, No. 12-13290, 2013 WL 2048635, at *3 (E.D. Mich. May 14, 2013). Thus, under these circumstances, the Court deems that defendant is on proper notice of this case will be deemed served.

### B. Standing

Defendant also says that the complaint should be dismissed because plaintiff lacks standing. A plaintiff's lack of standing deprives a federal court of subject matter jurisdiction. Stalley v. Methodist Healthcare, 517 F.3d 911, 916 (6th Cir. 2008).

Defendant says that because plaintiff's bankruptcy case was closed three days after the lawsuit was filed, he lacks standing because at the time the lawsuit was filed,

5

the trustee, not plaintiff, was the party in interest. Plaintiff says he has standing because the lawsuit was claimed as exempt and there were no objections to the exemption. As will be explained, plaintiff has the better view.

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Upon the filing of a petition for bankruptcy protection, the debtor's property, including any existing causes of action, becomes property of the bankruptcy estate. Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988). The debtor has no standing to pursue such causes of action; only the bankruptcy trustee is empowered to do so. Id. The Bankruptcy Code, however, allows the debtor to claim certain property as exempt. See 11 U.S.C. § 522; Taylor v. Freeland & Kronz, 503 U.S. 638, 642, 112 S. Ct. 1644, 1647 (1992). Unless a party in interest objects to the exemption within 30 days of the close of the meeting of creditors or within 30 days after a subsequent amendment to the schedule, the property claimed as exempt revests in the debtor and is not longer property of the estate. 11 U.S.C. § 522(l), Fed. R. Bankr. P. 4003(b), In re Brown, 178 B.R. 722, 727 (Bankr. E.D. Tenn. 1995).

Here, plaintiff filed a Chapter 7 petition on September 29, 2017. Plaintiff claimed the causes of action which are the subject of this case as exempt property under 11 U.S.C. § 522(d)(5).[5] The meeting of creditors took place on November 6, 2017. The last amendment to the schedules, which continued to list this lawsuit as exempt, was filed on November 8, 2017. There were no objections. Thus, as of December 9, 2017,

---

[5]According to defendant, plaintiff's lawsuit is a corollary to a 2013 class action lawsuit filed in the Western District of Michigan which plaintiff opted out of prior to class certification.

6

the lawsuit became plaintiff's property and therefore he had the right to sue. The fact that the bankruptcy judge's order closing the case was not entered until January 11, 2018 is of no consequence.

The Court of Appeals for the Fourth Circuit considered this issue in Wissman v. Pittsburgh Nat'l Bank, 942 F.2d 867, 870 (4th Cir. 1991). In Wissman, the plaintiffs listed a possible lawsuit against the eventual defendants as an asset of their bankruptcy estate. They also timely asserted their exemption for any value in the potential lawsuit up to the statutory maximum and no objections to the exemption were filed. Later, during the pendency of the bankruptcy case, the plaintiffs filed the listed lawsuit. The defendant in that lawsuit filed a motion to dismiss on the ground that plaintiffs lacked "standing to pursue the action without the participation of, or the abandonment of the claim by, the bankruptcy trustee." The district court agreed and dismissed the case. The Fourth Circuit reversed, holding:

> "Unless a party in interest objects, the property claimed ... is exempt." [11 U.S.C. § 522(l ) ]. The unequivocal language of the statute does not require abandonment by the trustee as a prerequisite to exemption by the debtor. Abandonment is the method used by the trustee to relieve the estate of "any property ... that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554. The trustee may refuse to abandon property that has value to the estate, but if the debtor is entitled by statute to an exemption in it, he may claim it without abandonment by the trustee.

Wissman, 942 F.2d at 870. See also Szyszlo v. Akowitz, 296 Mich. App. 40, 48–49, 818 N.W.2d 424, 428–29 (2012) (holding that plaintiffs had standing to sue on medical malpractice claim claimed as exempt and not objected to even though the lawsuit was filed before the close of plaintiffs' bankruptcy estate)

Here, as in Wissman and Szyszlo, plaintiff claimed the lawsuit as exempt and

7

there were no objections to the exemption.  Thus, plaintiff had a right, i.e. standing, to file this lawsuit before the bankruptcy case was closed.

The Clerk shall schedule a status conference to chart the future course of the case.

SO ORDERED.

S/Avern Cohn<br>AVERN COHN<br>UNITED STATES DISTRICT JUDGE

Dated: 4/18/2018
      Detroit, Michigan